IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROCKCALE HARRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-541-A |
| | § | (Consolidated with |
| DIRECTOR, TDCJ-CID, | § | No. 4:20-CV-100-A) |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
and
**ORDER**

This action consists of two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rockcale Harris, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID) against the director of TDCJ-CID, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On November 5, 2015, a jury in Tarrant County, Texas, Case No. 1394441D, found petitioner guilty of aggravated assault with a deadly weapon and assessed his punishment at 37 years' confinement. (SHR[1] 6, 41, doc. 32-3.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas

---

[1] "SHR" refers to the record in petitioner's state habeas-corpus proceeding in WR-90,428-01.

affirmed the trial court's judgment on March 30, 2017. (Docket Sheet 1, doc. 14-2.) Petitioner did not file a petition for discretionary review. (No. 4:20-CV-100-A, Pet. 3, doc. 3.) On February 25, 2019, petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on November 13, 2019, without written order on the findings of the trial court.[2] (SHR 23 & Action Taken, docs. 32-3 & 32-1.) Petitioner's federal habeas petitions challenging his state court conviction were filed on February 25, 2019, and January 9, 2020, respectively.[3,4] Respondent asserts the petitions are untimely under the federal statute of limitations and should be dismissed. (Resp't's Supp. Answer 3-4, doc. 31.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[2] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide the date he placed the document in TDCJ's mailing system, however the "Inmate's Declaration" was signed by petitioner on February 25, 2019. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

[3] Similarly, petitioner's federal habeas petitions are deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[4] The first petition, filed on a state form article 11.07 application, was transferred to this division by the Lufkin division in the Eastern District of Texas; the second petition was transferred to this division by the Dallas division in this district.

2

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for discretionary review in the Texas

3

Court of Criminal Appeals on Monday, May 1, 2017,[5] and closed one year later on May 1, 2018, absent any tolling. See Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application filed on February 25, 2019, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petitions are untimely unless petitioner can demonstrate that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner makes no such showing. He did not reply to respondent's preliminary or supplemental answers or otherwise assert a reason for his late filing, other than to assert in his second petition that his "lawyer at the time . . . did not file

---

[5]April 29, 2017, was a Saturday; thus, petitioner would have had until Monday, May 1, 2017, to file a petition for discretionary review. FED. R. CIV. PROC. 6(a)(1).

4

for anything I needed filed for exspeccilly [sic] the PDR are [sic] any needed motions" and in correspondence that he was unable to obtain his trial transcripts. (No. 4:20-CV-100-A Pet. 9, doc. 3; No. 4:19-CV-541-A Corresp., doc. 21.) However, he fails to further develop, or present evidentiary support for, his assertions. Nevertheless, it is well settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. *Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000). And, difficulty obtaining records is a common problem for inmates trying to pursue post-conviction habeas relief. *See Thomas v. Davis,* No. 4:17-CV-119-Y, 2018 WL 1305607, at *2 (N.D. Tex. Mar. 13, 2018). Nor does petitioner allege—much less present—new reliable evidence, that he is actually innocent of the offense for which he was convicted. Petitioner fails to establish that an extraordinary factor beyond his control prevented him from filing a timely federal petition or to present a credible claim of actual innocence.

Accordingly, petitioner's federal petitions were due on or before May 1, 2018. His petitions, filed on February 25, 2019, and January 9, 2020, respectively, are therefore untimely.

For the reasons discussed herein,

It is ORDERED that this habeas action pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question

5

this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED July \_\_17\_\_, 2020.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE